No. 29,033.

FRANK P. RILEY and J. S. DEY, *Appellants*, v. THE CITY OF WELLINGTON et al., *Appellees*.

(285 Pac. 569.)

Opinion filed March 8, 1930.

*J. S. Dey*, of Wellington, for the appellants.

*W. T. McBride*, of Wellington, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to enjoin the collection from property of plaintiffs of special assessments for the paving of a street. The trial court made findings of fact and rendered judgment for defendants. Plaintiffs have appealed.

The city of Wellington is a city of the second class operating under the mayor and commission form of government. In May, 1922, there was presented to the board of commissioners of the city a petition for the paving, curbing and guttering of several blocks of Olive street in that city. The proceeding was undertaken under the provision of that part of section 1764, General Statutes of 1915 (revised in R. S. 12-602), which reads as follows:

"That whenever a majority of the resident property owners fronting on a street in two or more adjacent blocks shall petition the council to grade, pave, macadamize, curb, gutter, or regrade, repave, remacadamize, recurb, regutter, or otherwise improve the same the council shall cause such work to be done, or such improvement to be made, and shall contract therefor, and shall levy taxes for all such improvements, as herein provided, upon the abutting property."

In determining who were qualified petitioners under this statute it was held, in *Clarke v. Lawrence*, 75 Kan. 26, 88 Pac. 735, that each resident owner should be counted without regard to the quan-

tity of property, or interest therein, owned. "It provides for a count of noses . . ." (p. 33.) The petition was referred to the city attorney, who reported to the board of commissioners that he had made an investigation as to the ownership of property liable to taxation for such improvement and found there were forty-five resident property owners, and that twenty-nine of them had signed the petition, and that the board had jurisdiction to proceed with the paving. The board of commissioners proceeded to have the engineering work done, let the contract and appointed appraisers to determine the benefits to property owners, and on September 5, 1922, passed an ordinance, to take effect in ten days, assessing the cost of the improvement to the respective tracts of property. On October 13, 1922, plaintiffs filed this action to enjoin the collection of that assessment. As grounds for the relief sought the petition alleged, in substance, that defendants, without lawful right, power, or authority, had caused Olive street to be excavated, torn up, and the sidewalks broken up and mutilated, and had placed a cement curbing so as to cut off ingress and egress to one lot and so as to obstruct and dam up the water on other lots, and that defendants had unlawfully, and without authority so to do, gone through the formality of appointing appraisers to appraise the lots and tracts abutting Olive street, but with the purpose and intention of entirely disregarding whatever appraisers might make and return, and that the appraisers did not make a true and fair appraisement. Without quoting from the petition it is sufficient to say that it attempted to charge, at some length, an unlawful and fraudulent appraisement. Motions and demurrers were filed to this petition, and on February 26, 1923, plaintiffs filed an amendment to their petition in which it was specifically averred that the petition for the pavement presented to the board of commissioners in May, 1922, was not signed by a majority of the property owners. An answer was filed and a motion to make that more definite and certain. The action dragged its weary way until called for trial October 20, 1927, when defendants, by leave of court, filed an amended answer in which was raised the question of the thirty-day statute of limitations. A part of the evidence was taken on that day and the next, and the case was passed for further evidence and argument. The trial was resumed October 30, 1928, when the evidence was concluded and the case passed for argument. On De-

cember 18, 1928, the trial was resumed, the case was argued and passed for consideration. On March 20, 1929, the further hearing of the case was resumed, and the court made findings of fact and conclusions of law which were filed March 22, 1929.

The court found that pursuant to the petition the commissioners appointed appraisers, who made an appraisement of the property, and that there was no proof of fraud in the appraisement. Appellants complain of findings on this question, but the complaint lacks merit. The evidence discloses that the appraisers found that the respective pieces of property abutting the pavement would be benefited by the improvement in proportion to the front footage of the property thereon. There is no evidence that this is not true.

Appellants complain of the court permitting defendants to plead at so late a date the thirty-day statute of limitations, and argue that their amended petition should relate back to the time of the filing of their original petition. Argument on this point is of no consequence here for the reason that the trial court found it unnecessary to decide the application of the statute of limitations of thirty days to the amended petition. In fact the trial court treated the pleadings of plaintiffs as raising all the questions necessary to determine the sufficiency of the original petition presented to the board of commissioners.

The principal question determined by the trial court, and the only question of consequence on this appeal, was whether the petition for the street improvement presented to the board of commissioners was signed by the requisite number of property owners. On this point counsel agreed by stipulation on a list of forty resident owners of property subject to assessment for the improvement. The court found that two persons, Peter Hon and Icy Holliday, appear as petitioners for the improvement, but are not on the stipulated list, and that three other persons, Melinda Hall, Lena Hall Ellis, and a daughter of Icy Holliday, were resident property owners whose names do not appear on the list. The court found that each of these was a competent petitioner whose name must be added to the stipulated list, making a total of forty-five persons shown to be competent to sign. The court further found:

"Nineteen of the names in the admitted list appear on the petition in evidence; and it appears and the court finds that there was another sheet of the petition, now lost, bearing the signature of four additional petitioners, who must be presumed to be competent and made up of those appearing to be

competent, but whose particular identity cannot be ascertained. The nineteen admitted names, the four other names, and Hon and Holliday, make a total of twenty-five signers, two more than the required twenty-three."

Appellants complain of this finding, and especially of that part of it with respect to "another sheet of the petition, now lost, bearing the signature of four additional petitioners."

With respect to the petition, the evidence is substantially as follows: At the first hearing of testimony in this case, in October, 1927, the petition could not be found. It was found and produced in court at a later hearing. It had been found by the city clerk not among the papers for this paving, but at a place in the vault where such papers were not kept. As brought to court it consisted of two sheets pasted together, the two containing twenty-five names. There were holes in the paper near the end as though another sheet had been pinned or fastened to it. The city clerk, at the time the petition was presented and for several years later, testified that when the petition was first presented and turned over to the city attorney he handed it back a few days later with the request that some additional names be added, and that additional names were added to the petition on a separate sheet. Many times while she was clerk some one called for and examined this petition. The city clerk owned property abutting the street to be paved, was well acquainted in the city, and had a personal recollection that when the petition was finally presented to the board of commissioners it contained the names of twenty-nine petitioners. The city attorney had not only his recollection and that of his secretary on the matter, but his letter to the board of commissioners, written at the time and advising them as to their right to proceed, stated that the petition contained twenty-nine names. On the petition, or that part of it produced in court at the later hearing, there were four names—Gwinn, Gwinn, Seaton and Parker, whom, plaintiffs contend, were not qualified to sign it. The twenty-five whom the court found had signed, plus these four, made the number twenty-nine, remembered by the city clerk and stated in the letter by the city attorney. The court therefore had competent evidence on which to base the findings that there was an additional sheet of the petition, now lost, which contained four additional names of resident property owners. Quite a little is said in the briefs as to whether these four names, questioned by plaintiffs, should have been counted. Since the court did not count them, appellants cannot complain. The only purpose in mentioning

them here is to show how the total number found by the court tallied with that found by the city attorney at the time of his examination of the petition and with the testimony of the city clerk.

The trial court, having found the petition presented to the board of commissioners had the requisite number of qualified signers, and that finding being supported by evidence, and there being no contention that the subsequent proceedings were invalid, or even irregular, except the question with reference to the appraisement, which we previously held to be without merit, there is nothing to justify the granting of the injunction prayed for, and the trial court committed no error in refusing it.

Some other questions are discussed in the case, but they have no bearing on the questions determinative of this appeal.

The judgment of the court below is affirmed.